IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KEVIN BEAVERS,** | : | |
| | : | |
| Petitioner, | : | Case No. 2:13-CV-00404 |
| | : | |
| v. | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| **FRANKLIN COUNTY** | : | |
| **ADULT PROBATION,** *et al.*, | : | Magistrate Judge Deavers |
| | : | |
| Respondents. | : | |

## OPINION & ORDER

This matter is before the Court on Respondent Ohio Attorney General's Motion to Dismiss (Doc. 6). The Attorney General seeks to be dismissed as a party-Respondent in this 28 U.S.C. § 2254 habeas corpus proceeding, on the grounds that he is not the proper Respondent, since Petitioner Kevin Beavers is not incarcerated, but rather under the supervision of the Franklin County Probation Department. Petitioner has not responded to this Motion. For the reasons stated herein, the Attorney General's Motion is hereby **GRANTED**.

### I. BACKGROUND

Petition brings this habeas corpus petition under 28 U.S.C. § 2254, attacking his conviction for one count of Importuning, under O.R.C. § 2907.07, and one count of Disseminating Matter Harmful to Juveniles, under O.R.C. § 2907.31, for which Petitioner entered a plea of guilty on November 16, 2010. (*Petition*, Doc. 1-1, at 2). Petitioner was sentenced to a term of probation and required to register as a Tier 1 sex offender. (*Id.*). On September 13, 2011, Petitioner filed a motion in the Franklin County Court of Common Pleas, seeking to withdraw his guilty plea; this motion was overruled on November 8, 2011. (*Id.*). Petitioner appealed to the Tenth District Court of Appeals, which affirmed the lower court decision, on August 14, 2012. (*Id.*). On January 23, 2013, the Supreme Court of Ohio declined jurisdiction to hear Petitioner's appeal. (*Id.*).

Petitioner filed this petition on April 26. (Doc. 1). Petitioner alleges that his rights were violated when he was convicted under an unconstitutional statute. (*Id.* at 3). Specifically, Petitioner argues that O.R.C. § 2907.31 is unconstitutionally vague, and therefore rendered void, because § 2907.31(C)(1) allows for an affirmative defense for, *inter alia*, anyone distributing material who is a "proper person" or is doing so for a "proper purpose." (*Id.* at 4). Because the statute is void for vagueness, Petitioner argues that he should have been allowed to withdraw his guilty plea under Ohio Crim. R. 32.1, which allows withdrawal "to correct manifest injustice." (*Id.* at 6). Petitioner concludes that under the "clearly established law of due process under the Fourteenth Amendment to the United States Constitution," and under "Ohio's application of the law under [Rule] 32.1," the writ should be granted. (*Id.* at 7).

Petitioner also argues that his trial counsel was constitutionally ineffective for failing to challenge O.R.C. § 2907.31 as void for vagueness. (*Id.*). Since, Petitioner insists, the trial court would have struck down the statute had the argument been raised, Petitioner was deprived of his Sixth Amendment right to competent counsel, and this provides a further basis for granting the writ. (*Id.* at 8).

## II. THE ATTORNEY GENERAL'S MOTION TO DISMISS

The Ohio Attorney General argues that he should be dismissed as a party-Respondent to this case because Petitioner is in the custody of the Franklin County Probation Department. (Doc. 6 at 2). The Attorney General acknowledges that, under Rule 2(b) of the Rules Governing § 2254 Cases, the Attorney General of a state should be a respondent in a case of future custody; such is not the case, however, when Petitioner is already currently restrained by probation officials via a community control sanction. (*Id.*). Therefore, the Attorney General asserts, Petitioner's probation officer and the Franklin County Probation Department are the proper Respondents. (*Id.*). The Attorney General observes that the Advisory Committee Notes to Rule 2(b) confirm that, when a petitioner is on probation or parole due to the state judgment which is under attack, the "named respondents shall be the particular probation or parole officer responsible for supervising the applicant, and the official in charge of the parole or probation agency."

The Advisory Committee Notes further clarify that the state attorney general, who "is in the best position to inform the Court as tow ho the property party-respondent is," may move for a substitution of party.

Petitioner has not filed a response or opposition to the Attorney General's Motion.  The Court further notes that the Franklin County Probation Department, which is represented by the Franklin County Prosecuting Attorney, has already appeared in this case, and filed an Answer (*see* Doc. 7).

The Attorney General is correct that the proper Respondent is Petitioner's custodian.  The Advisory Committee Notes to the Rules governing habeas proceedings make clear that, when a petitioner is attaching a state court judgment under which he has been placed on parole or probation, the proper respondent is the supervising officer, and the official in charge of the parole or probation agency.  It is not the Attorney General.  *See, e.g.*, *Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) ("[T]he only proper respondent in a collateral attack is the petitioner's custodian.  The Attorney General . . . is the state's lawyer, not the prisoner's custodian.  If the petitioner is in prison, the warden is the right respondent.  If the petitioner is on parole, the parole board or equivalent should be named."); *Belser v. Michigan Parole Bd.*, No. 06-CV-10714, 2006 WL 986956 (E.D. Mich. Apr. 12, 2006).

### III.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the Ohio Attorney General as Party-Respondent (Doc. 6) is hereby **GRANTED**.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　 **/s/ Algenon L. Marbley**
　　　　　　　　　　　　　　　　　　　　　　　　**ALGENON L. MARBLEY**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

 **DATED: December 23, 2013**