IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN BEAVERS,

    Petitioner,

  v.

FRANKLIN COUNTY ADULT
PROBATION,

    Respondent.

CASE NO. 2:13-CV-404
JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth A. Preston Deavers

REPORT AND RECOMMENDATION

Petitioner brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant petition, Respondent's *Return of Writ*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted. Petitioner may attempt to exhaust his claims in the State court with respect to his assertion of ineffective assistance of trial counsel. Alternatively, Petitioner may delete and withdraw his unexhausted claim of ineffective assistance of trial counsel and proceed on his remaining claims by notifying the Court of this intention within **FOURTEEN (14) DAYS** of the date of this *Report and Recommendation*.

**Facts and Procedural History**

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On April 12, 2010, appellant was indicted on four counts of importuning and one count of disseminating matter harmful to juveniles. All five charges are felonies of the fifth degree. On November 16, 2010, appellant entered a plea of guilty to one count of importuning and one count of disseminating matter harmful to juveniles. A pre-sentence investigation report was ordered and sentencing was scheduled for January 5, 2011. At the sentencing

1

> hearing, appellant was placed on community control (sex offender caseload) for a period of two years. Appellant was also determined to be a Tier I sexual offender. The conviction and sentence was journalized on January 7, 2011. Appellant did not file an appeal.
>
> On September 13, 2011, appellant filed a motion to withdraw guilty plea, alleging the criminal statute for disseminating matter harmful to juveniles, R.C. 2907.31, is unconstitutionally void for vagueness, and consequently, appellant should be permitted to withdraw his plea in order to prevent manifest injustice. Plaintiff-appellee, the State of Ohio, filed a memorandum opposing the motion to withdraw guilty plea. On November 8, 2011, the trial court journalized an entry denying the motion to withdraw. This timely appeal now follows in which appellant raises a single assignment of error:
>
> THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO WITHDRAW PLEA.
>
> In his sole assignment of error, appellant argues the trial court erred in denying his motion to withdraw guilty plea because the statute on disseminating matter harmful to juveniles is unconstitutionally vague, which in turn renders the statute void and his conviction a manifest injustice. Appellant further argues the presence of manifest injustice negates any timeliness requirement for the filing of his motion to withdraw.

*State v. Beavers,* No. 11AP-1064, 2012 WL 3291832, at *1 (Ohio App. 10th Dist. Aug. 14, 2012). On August 14, 2012, the Ohio court of appeals affirmed the judgment of the trial court. *Id*. On January 23, 2013, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Beavers*, 134 Ohio St.3d 1419 (Ohio 2013).

On April 26, 2013, through counsel, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that he was convicted under an unconstitutional statute and that the state courts therefore should have permitted him to withdraw his guilty plea under Ohio Rule of Criminal Procedure 32.1; he additionally asserts that he was denied effective assistance of counsel because his attorney failed to challenge the constitutionality of Ohio's statute on disseminating matter harmful to juveniles. It is the position

2

of the Respondent that Petitioner's claims are unexhausted, procedurally defaulted, or without merit.

**EXHAUSTION**

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir. 1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary.

Petitioner asserts he was denied effective assistance of counsel. He has, however, never presented this claim to the Ohio courts. Further, although the time period has expired to file a direct appeal, he may still pursue a delayed appeal. *See* Ohio Appellate Rule 5(A). Therefore, this claim remains unexhausted.[1] Moreover, the record fails to reflect that a stay of proceedings would be appropriate.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court held,

> [A] stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on

---

[1] Respondent argues that Petitioner's claim that the statute under which Petitioner was unconstitutionally vague likewise remains waived, as Petitioner could have, but did not, raise the claim on direct appeal. However, it appears that Petitioner exhausted the claim by raising it in his *Motion to Withdraw Guilty Plea* and in his subsequent appeal to the Ohio Supreme Court. The Court, however, makes no final determination on the issue at this juncture.

**3**

> the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Id*. at 277.

It does not appear that Petitioner can establish good cause for his failure, to date, to pursue a direct appeal. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court); *Riner v. Crawford*, 415 F.Supp.2d 1207, 1209–11 (D. Nevada 2006) (discussing the various standards adopted by courts to determine what may constitute good cause within the meaning of *Rhines* ). Further, the record provides no basis to conclude that Petitioner's claim of ineffective assistance of trial counsel is potentially meritorious. Again, it appears unlikely Petitioner will be able to establish "good cause" for failing, to date, to pursue a delayed appeal as required under Ohio law. *See Neville v. Dretke*, 423 F.3d 474, 480 (5th Cir. 2005) (claims are "plainly meritless" for purposes of deciding whether to grant a stay of proceedings where the petitioner is procedurally barred from raising his unexhausted claims in the state courts). For these reasons, a stay and abeyance is not appropriate.

**Recommended Disposition**

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted. Petitioner may attempt to exhaust his claims in the State court with respect to his assertion of ineffective assistance of trial counsel. Alternatively, Petitioner may delete and withdraw his unexhausted claim of ineffective assistance of trial counsel and proceed on his remaining claims by notifying the Court of this intention within **FOURTEEN (14) DAYS** of the date of this *Report and Recommendation*.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                **s/ Elizabeth A. Preston Deavers**
                                                **Elizabeth A. Preston Deavers**
                                                **United States Magistrate Judge**

**Date:  April 21, 2014**