IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN BEAVERS,

    Petitioner,

v.

FRANKLIN COUNTY ADULT
PROBATION,

    Respondent.

CASE NO. 2:13-CV-00404
JUDGE ALGENON L. MARBLEY
Magistrate Judge Elizabeth A. Deavers

## OPINION & ORDER

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition*, Respondent's *Answer*, and the exhibits of the parties. For the reasons that follow, this action is hereby **DISMISSED**.

### Facts and Procedural History

Petitioner challenges his convictions pursuant to his guilty plea in the Franklin County Court of Common Pleas on one count of importuning and one count of disseminating matter harmful to juveniles. On January 7, 2011, the trial court imposed a term of two years community control. *See State v. Beavers*, No. 11AP-1064, 2012 WL 3291833 (Ohio App. 10th Dist. Aug. 14, 2012). Petitioner did not file an appeal. On September 13, 2011, he filed a motion to withdraw his guilty plea, alleging that the criminal statute for disseminating matter harmful to juveniles, Ohio Revised Code ("O.R.C.") § 2907.31, is unconstitutionally void for vagueness. On November 8, 2011, the trial court denied the motion. On August 14, 2012, the state appellate court affirmed the judgment of the trial court. *Id.* On January 23, 2013, the Ohio Supreme Court dismissed the appeal. *State v. Beavers*, 134 Ohio St.3d 1419 (Ohio 2013).

On April 26, 2013, Petitioner filed the instant *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. On May 1, 2014, Petitioner withdrew his unexhausted claim of the denial of the effective assistance of counsel. Therefore, the sole claim remaining for this Court's review is Petitioner's claim that he was convicted under an unconstitutional statute, and therefore should have been permitted to withdraw his guilty plea. It is the position of the Respondent that Petitioner has procedurally defaulted this claim, and alternatively, that it lacks merit.

## State Law

Petitioner argues, *inter alia*, that he was denied due process because the state courts improperly considered the timeliness of his motion to withdraw his guilty plea under Rule 32.1 of the Ohio Rules of Criminal Procedure as a factor warranting dismissal of his motion. *Petition* (ECF No. 1-1, PageID# 22.) This issue presents a matter regarding the interpretation of Ohio law, and does not provide a basis for federal habeas corpus relief. 28 U.S.C. § 2254(a). A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal court to reexamine state-court determinations on state-law questions"). Therefore, a federal habeas court can only consider whether the alleged error violated a federal constitutional right. The state appellate court has already decided the issue, and this Court defers to a state's interpretation of its own laws. *See Troiano v. Warden, Ross Corr. Inst.*, No. 2:12-CV-940, 2015 WL 196405, at *10 (S.D. Ohio Jan. 15, 2015) (citations omitted). Similarly, to the extent that Petitioner argues that the state court "abused its discretion" or improperly denied his Rule 32.1 motion to withdraw guilty plea under Ohio law, the claim does not provide Petitioner the relief

2

he seeks. *See, e.g., Gibson v. Warden, Hocking Corr. Fac.*, No. 1:10-cv-8, 2011 WL 1429099, at *5-6 (S.D. Ohio Feb. 23, 2011) (state court's alleged abuse of discretion in denying motion to withdraw guilty plea does not constitute a federal constitutional claim) (*citing Dickey v. Warden, Lebanon Corr. Inst.*, No. 1:08cv819, 2010 WL 92510, at *8 (S.D. Ohio Jan. 6, 2010)); *Akemon v. Brunsman*, No. C-1-06-166, 2007 WL 2891012, at *12 (S.D. Ohio Sept. 28, 2007) (same).

However, Petitioner also asserts that that his conviction must be set aside because the statute under which he stands convicted is constitutionally invalid. This Court has jurisdiction to consider this underlying federal claim. *See Gibson*, 2011 WL 1429099, at *6 (federal habeas court may address underlying constitutional claims raised in a motion to withdraw guilty plea); *Guzman v. Houk*, No. 2:04-CV-194, 2006 WL 1064052, at *18 (S.D. Ohio April 20, 2006) (addressing merits of federal claim raised in motion to withdraw guilty plea).

Respondent nonetheless argues that Petitioner procedurally defaulted this claim because he failed to raise it at the trial-court level, as required under *State v. Awan*, 22 Ohio St.3d 120 (1986). Respondent also contends that Petitioner waived this argument by entering a plea of guilty.

### Procedural Default

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If the petitioner fails to do so, but the state still provides a remedy to pursue, his or her petition is subject to dismissal for failure to exhaust state remedies. *Id.; Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004). If, because of a procedural

default, the petitioner can no longer present the relevant claims to a state court, the petitioner also waives the claims for purposes of federal habeas review unless he or she can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 724; *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

In the Sixth Circuit, a court must undertake a four-part analysis to determine whether procedural default is a bar to a habeas petitioner's claims. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *see also Scuba v. Brigano*, 259 F. App'x 713, 718 (6th Cir. 2007) (following the four-part analysis of *Maupin*). Specifically, the United States Court of Appeals for the Sixth Circuit requires the district courts to engage in the following inquiry:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim.

*Maupin*, 785 F.2d at 138 (internal quotations omitted). Finally, if "the court determines that a state procedural rule was not complied with and that the rule [has] an adequate and independent state ground, then the petitioner" may still obtain review of his or her claims on the merits if the petitioner establishes: (1) a substantial reason to excuse the default and (2) that he or she was actually prejudiced by the alleged constitutional error. Id. "Cause" under this test "must be something external to the petitioner, something that cannot fairly be attributed to him[;]. . . some factor external to the defense [that] impeded [ ] efforts to comply with the State's procedural rule." *Coleman*, 501 U.S. at 753. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level or failure to appeal at all. *Id.* at 750.

4

Nevertheless, "'[i]n appropriate cases' the principles of comity and finality that inform the concepts of cause and prejudice 'must yield to the imperative of correcting a fundamentally unjust incarceration.'" *Murray,* 477 U.S. at 495 (quoting *Engle v. Isacc,* 456 U.S. 107, 135 (1892)). Petitioners who fail to show cause and prejudice for procedural default may nonetheless receive a review of their claims if they can demonstrate that a court's refusal to consider a claim would result in a "fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750; *see also Lott v. Coyle,* 261 F.3d 594, 601–02 (6th Cir. 2001) (same). The fundamental miscarriage of justice exception requires a showing that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo,* 513 U.S. 298, 329 (1995).

In *State v. Awan,* 22 Ohio St.3d at 120, to which Respondent refers, the Ohio Supreme Court held that the failure to raise the issue of the constitutionality of a statute or its application at the time of trial, if it is apparent at the time of trial, constitutes a waiver of the issue and it therefore need not be heard for the first time on appeal. *Id.* at 121. Here, however, Petitioner did not attempt to raise his claim regarding the constitutionality of the statute of issue on direct appeal. Instead, he raised the issue in a motion to withdraw his guilty plea. Further, the state appellate court does not appear to have enforced the procedural rule referred to by the Respondent. Moreover, at least one other federal habeas court has declined to enforce a procedural default rule under *Awan,* because the Supreme Court of Ohio has held that it is discretionary. *See Connell v. Andrews,* No. 3:06-CV-2128, 2009 WL 544493, at *6 (N.D. Ohio March 3, 2009) (citing *In re M.D.,* 38 Ohio St.3d 149 (Ohio 1988)).[1] Because the Court

---

[1] *But see Kronenberg v. Eppinger,* No. 1:12CV3105, 2014 WL 1681432, at *5 (N.D. Ohio April 17, 2014) (questioning whether application of *Awan* is discretionary for the Ohio courts of appeals as well as the Ohio Supreme Court).

5

concludes that Petitioner waived his claim by entering a guilty plea, the Court declines to reach the issue of whether *Awan* requires enforcement of a procedural default.

### Entry of Guilty Plea

Respondent additionally argues that Petitioner has waived his claim by entry of his guilty plea. *Return of Writ* (ECF No. 7, PageID# 56.) The Court agrees.

By pleading guilty, a defendant waives all non-jurisdictional defects in the proceedings. *United States v. Pickett*, 941 F.2d 411, 416 (6th Cir. 1991). A "guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Therefore, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.*; *see also McMann v. Richardson*, 397 U.S. 759, 768–69, 771 (1970); *Campbell v. Marshall*, 769 F.2d 314, 318–19 (6th Cir. 1985).

"Notwithstanding this general rule, the Supreme Court has also held that a guilty plea does not bar a constitutional challenge that 'goes to the very power of the State to bring the defendant into court to answer the charge brought against him,' *Blackledge v. Perry*, 417 U.S. 21, 29 (1974), at least to the extent that such a challenges is unrelated to the question of factual guilt established by virtue of the plea. . . ." *Hann v. Caruso*, No. 2:10-CV-10797, 2012 WL 2564818, at *10 (E.D. Mich. July 2, 2012) (citing *Menna v. New York*, 423 U.S. 61, 63 n.2 (1975)); *see also Woodring v. McKee*, No. 1:09-cv-1106, 2013 WL 1309641, at *7-8 (W.D. Mich. Feb. 19, 2013) (noting that circuit courts have taken different positions on whether a criminal defendant's challenge to the constitutionality of a statute may survive a guilty plea) (citing *United States v. De Vaughn*, 694 F.3d 1141, 1150 n.5 (10th Cir. 2012) (internal citations

omitted). The United States Court of Appeals for the Sixth Circuit has held, "[a]lthough it is well settled that a guilty plea does not waive the right of an accused to challenge the constitutionality of the statute under which he is convicted, a defendant may not challenge the statute where the facts admitted by the guilty plea render the statute's alleged unconstitutionality moot as to the defendant." *United States v. Skinner*, 25 F.3d 1314, 1316 (6th Cir. 1994) (citing *Baxter v. Estelle*, 614 F.2d 1030, 1036 (5th Cir. 1980); *United States v. Burke*, 694 F.2d 632, 633-34 (9th Cir. 1982)). Such are the circumstances here.

Petitioner pleaded guilty to Count 5 of the Indictment, which charged him with violating O.R.C. § 2907.31(A)(1) by delivering or presenting to a law enforcement officer posing as a juvenile, material that was obscene and harmful to juveniles. (ECF No. 7-1, PageID# 73, 75.) Petitioner does not argue that this statute is unconstitutionally vague. Rather, he challenges the constitutionality of a segment of the statute, specifically O.R.C. § 2907.31(C)(1). This provision of the statute sets out the affirmative defenses to the offense with which he was charged. Petitioner, however, does not argue, and the record does not reflect, that this portion of the statute had any application to him or to entry of his guilty plea.

The state appellate court therefore concluded that Petitioner lacked standing to raise the issue:

> [A]ppellant argues the trial court erred in denying his motion to withdraw guilty plea because the statute on disseminating matter harmful to juveniles is unconstitutionally vague, which in turn renders the statute void and his conviction a manifest injustice. Appellant further argues the presence of manifest injustice negates any timeliness requirement for the filing of his motion to withdraw.
>
> Appellant's void-for-vagueness argument focuses specifically on the affirmative defense provision found in R.C. 2907.31(C)(1), which sets forth an affirmative defense to the offense if the material was "presented for a bona fide medical, scientific,

7

educational, governmental, judicial, or other proper purpose, by a physician, psychologist, sociologist, scientist, teacher, librarian, clergyman, prosecutor, judge, or other proper person."

Appellant argues the term "other proper purpose" as used in this provision is not defined, nor is "a bona fide medical, scientific, educational, governmental, [or] judicial [purpose]." Appellant contends this failure forces persons engaging in the activities described in R.C. 2907.31(A) to have to guess as to whether or not their conduct constitutes a "proper purpose." Consequently, appellant submits the statute does not provide a person of ordinary intelligence with fair notice that his or her contemplated conduct is prohibited by the statute, and therefore, the statute is unconstitutionally vague, and the trial court abused its discretion in denying appellant's post-sentence motion to withdraw guilty plea. We disagree.

\*\*\*

"'An enactment of the General Assembly is presumed to be constitutional, and before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible.' " *State ex rel. O'Brien v. Heimlich*, 10th Dist. No. 08AP-521, 2009-Ohio-1550, ¶ 24, quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus. "'A regularly enacted statute of Ohio is presumed to be constitutional and is therefore entitled to the benefit of every presumption in favor of its constitutionality.'" *State ex rel. O'Brien* at ¶ 24, quoting *State ex rel. Dickman* at 147, 128 N.E.2d 59. The party alleging a statute is unconstitutional must prove that assertion beyond a reasonable doubt in order to prevail. *State v. Anderson*, 57 Ohio St.3d 168, 171, 566 N.E.2d 1224 (1991).

"'Under the vagueness doctrine, statutes which do not fairly inform a person of what is prohibited will be found unconstitutional as violative of due process.'" *State v. Carrick*, 131 Ohio St.3d 340, 965 N.E.2d 264, 2012-Ohio-608, ¶ 14, quoting *State v. Reeder*, 18 Ohio St.3d 25, 26, 479 N.E.2d 280 (1985), citing *Connally v. Gen. Constr. Co.*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926). "[A]ny statute which 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute' is void for vagueness." *State v. Tanner*, 15 Ohio St.3d 1, 3, 472 N.E.2d 689 (1984), quoting *Papachristou v. Jacksonville*, 405 U.S. 156, 162, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). Yet, "'[i]mpossible standards of specificity are not required. \* \* \* The

8

test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.'" *Reeder* at 26, 479 N.E.2d 280, quoting *Jordan v. De George*, 341 U.S. 223, 231–32, 71 S.Ct. 703, 95 L.Ed. 886 (1951).

The provision at issue which appellant asserts is void for vagueness does not address the criminal offense itself, which is defined in R.C. 2907.31(A), but rather the provision in R.C. 2907.31(C)(1), which sets forth an affirmative defense. The relevant portions of the statute, entitled "Disseminating matter harmful to juveniles," reads as follows:

(A) No person, with knowledge of its character or content, shall recklessly do any of the following:

(1) Directly sell, deliver, furnish, disseminate, provide, exhibit, rent, or present to a juvenile, a group of juveniles, a law enforcement officer posing as a juvenile, or a group of law enforcement officers posing as juveniles any material or performance that is obscene or harmful to juveniles;

* * *

(C)(1) It is an affirmative defense to a charge under this section, involving material or a performance that is obscene or harmful to juveniles, that the material or performance was furnished or presented for a bona fide medical, scientific, educational, governmental, judicial, *or other proper purpose*, by a physician, psychologist, sociologist, scientist, teacher, librarian, clergyman, prosecutor, judge, *or other proper person*.

(Emphasis added.)

In reading R.C. 2907.31 in its entirety, it is apparent that the statute identifies specific situations in which it is proper to present obscene or harmful materials to juveniles. The statute further defines the persons who may do so. However, appellant has not argued that he falls into one of these categories and, upon review of the evidence in the record, we find nothing to demonstrate he should fall into one of the specified categories or that the affirmative defense was available to him. Instead, the conduct at issue here centers around whether appellant directly delivered, furnished, disseminated, provided, exhibited, or presented to a law enforcement officer posing as a juvenile, or a group of law

9

enforcement officers posing as a juvenile, any material or performance that is obscene and harmful to juveniles.

The record indicates that appellant disseminated harmful material to a police officer posing as a 15–year–old boy, thereby demonstrating that appellant committed conduct which is clearly statutorily prohibited conduct under R.C. 2907.31(A)(1). "'One to whose conduct a statute clearly applies may not successfully challenge it for vagueness.' " *Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982), fn 7, quoting *Parker v. Levy*, 417 U.S. 733, 756, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974). Here, the language of R.C. 2907.31(A)(1) conveys a sufficiently definite warning as to the proscribed conduct, pursuant to common understanding and practices.

Furthermore, appellant is without standing to challenge the statute except as it is being applied to him. *Gandee v. Glaser*, 785 F. Supp. 684, 694 (S.D. Ohio 1992). *See also State of Ohio/City of Hamilton v. Hendrix*, 144 Ohio App.3d 328, 760 N.E.2d 43 (12th Dist. 2001) (in void for vagueness challenges based on alleged due process violations, a challenger typically has standing to challenge the statute only as to its application to his conduct; a challenger must show the alleged vagueness of the statute actually deprived him of due process of law, in light of his conduct).

Appellant has never made the argument that his actions constitute (or could constitute) an "other proper purpose" or that he is (or could be) an "other proper person" who would be justified in disseminating the harmful material. He has not argued that he believed his conduct was justified, only to be informed otherwise, as he has not attempted to apply the affirmative defense to his circumstances, nor has he claimed that the affirmative defense applied to him. Under the law, he may only challenge the statute as it was and is applied to him. *See Gandee* at 694; *Hendrix*. And, as stated above, a person cannot challenge a statute for vagueness where the statute clearly applies to his conduct. *Hoffman Estates; Parker.*

The underlying principle of the void-for-vagueness doctrine is that no person "shall be held criminally responsible for conduct which he could not reasonable understand to be proscribed." *Columbus v. Rogers*, 41 Ohio St.2d 161, 164, 324 N.E.2d 563 (1975), quoting *United States v. Harriss*, 347 U.S. 612, 617, 74 S.Ct. 808, 98 L.Ed. 989 (1954). Here, appellant cannot argue that he could not reasonably understand that his conduct was proscribed. The statute

> clearly provides a person of ordinary intelligence with fair notice that his contemplated conduct is prohibited under the statute.
>
> Moreover, claiming that an affirmative defense which he has not attempted to assert is void for vagueness is far different from claiming that the provision of the statute setting forth the elements of the crime is so vague that he could not know that his conduct was forbidden. Any purported vagueness in the language of the affirmative defense does not deprive this challenger of due process in light of his particular conduct, *and it is unnecessary for the court to determine whether the affirmative defense provision is in fact void for vagueness.*

*State v. Beavers*, 2012 WL 3291833, at *1-4 (emphasis added).

Because the subsection he challenges was not applied in his case, this Court agrees that Petitioner has waived his claim that the statute is unconstitutional in these proceedings by his entry of a guilty plea. *See, e.g., Moore v. McGuire*, No. 4:09CV1342, 2012 WL 4479110, at *2 (E.D. Mo. Sept. 28, 2012) (holding petitioner waived his challenge to subsections of statute as unconstitutionally vague that were not applied in his case by the entry of a guilty plea) (citing *Neely v. McDaniel*, 677 F.3d 346, 349 (8th Cir. 2012) (by entering a voluntary and intelligent guilty plea to a violation of a criminal statute, a defendant cannot challenge the constitutionality of the statute as applied in his case)).

Therefore, the petition for a writ of habeas corpus is **DENIED** and this action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

                                                       /s/ Algenon L. Marbley
                                                       **ALGENON L. MARBLEY**
                                                       **UNITED STATES DISTRICT JUDGE**

DATED: September 29, 2016